IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. JOSE EDUARDO VICTOR, Defendant. | No. CR09-0075 ORDER FOR PRETRIAL DETENTION |

On the 20th day of October 2009, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial.[1] The Government was represented by Special Assistant United States Attorney Marti Sue Sleister. Defendant Jose Edwardo Victor appeared personally and was represented his attorney, Jill M. Johnston.

## I. PROCEDURAL HISTORY

On October 15, 2009, Defendant was charged by Criminal Complaint with "possession with intent to distribute 5 grams or more of methamphetamine," in violation of "21 and 18 U.S.C. § 841(a)(1), 841(b)(1)(B) and 2." *See United States v. Jose Edwardo Victor*, Case No. 1:09-mj-00226-JSS. Defendant was initially seen on October 15. Defendant was ordered detained pending the preliminary hearing and detention hearing on October 20.

---

[1] This matter also came on for a preliminary hearing on October 20, 2009. The Court gave counsel until October 23 to provide additional argument and authority on the issue of probable cause. On October 21, however, the Grand Jury returned the Indictment in the instant action. Accordingly, it is not necessary for the Court to make a probable cause finding.

1

On October 21, 2009, Defendant Jose Eduardo Victor was charged by Indictment (docket number 3) with possessing with intent to distribute and aiding and abetting the distribution of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and 18 U.S.C. § 2. Defendant has been scheduled for arraignment on October 28, 2009.

## II. RELEVANT FACTS

Task Force Officer Brian Heinricy ("TFO Heinricy") testified regarding the circumstances supporting the instant charge. According to TFO Heinricy, task force officers have been investigating Victor for about a year.[2] Task force officers "debriefed various defendants and witnesses" and were told that a person known as "Junior" was a source of "ice" methamphetamine in this area. It was only in the last few months, however, that officers were able to identify "Junior" by name, *i.e.*, Jose Victor.

On the morning of March 14, 2009, officers received information that Victor would be at Olson Brothers Storage on 31st Avenue in Cedar Rapids, together with another individual described as a "white male, short hair, wearing a black hooded sweatshirt." According to Office Heinricy, Olson Brothers Storage is a location known for drug transactions and drug usage. Task force officers set up surveillance and in mid-afternoon observed a late-90s white Dodge Caravan arrive at that location. The vehicle matched a description which had previously been provided to task force officers. The driver of the vehicle was a white male with short hair, matching the description of the person who would be with Victor. Officers observed a person walk up to the van, but were unable to identify the individual.

According to TFO Heinricy, when the van left Olson Brothers Storage and turned onto 6th Street, he recognized Victor as the passenger. Officers followed the vehicle to a nearby Casey's convenience store, where it apparently stopped for gas. TFO Heinricy

---

[2] Also charged in this case is Defendant Gary Alan Corwin, Jr. To avoid any confusion, the Court will refer to the two Defendants as "Victor" and "Corwin."

testified that Victor got out of the passenger side and entered the building, but then returned to the van and got back in on the passenger side.

The van then left Casey's and proceeded west on 33rd Avenue, where it pulled behind a Perkins Restaurant and into a hotel parking lot. TFO Heinricy estimated that the van was in the parking lot for two or three minutes. Officers lost sight of the vehicle for approximately one minute during that time. When the van pulled out of the parking lot, Victor was driving and the "white male with short hair" was a passenger. According to TFO Heinricy, he knew that Victor did not have a valid driver's license. TFO Heinricy then contacted Officer Fear of the Cedar Rapids Police Department and asked that the vehicle be stopped.[3]

According to TFO Heinricy, Officer Fear initiated a traffic stop based on "independent probable cause." That is, Officer Fear observed a cracked windshield on the van. Victor failed to yield, however, and a high-speed chase ensued. The chase started in the northbound lanes of I-380 near the 7th Street exit in Cedar Rapids. The chase involved Cedar Rapids police officers, Linn County sheriff deputies, and Iowa State Patrol troopers. At times, Victor's speed exceeded 100 miles per hour.

At mile marker 24, officers observed the passenger dump a white powdery substance out the passenger side window. TFO Heinricy testified that he and several other officers stopped at that location and attempted to recover the substance which was dumped out the window, but were unable to locate it.

Officers also observed the passenger throw out what appeared to be a plastic baggie and a cigarette package at mile marker 30. After a search, officers found a Marlboro

---

[3] The van is registered to a woman in Marshalltown, where both Victor and Corwin resided prior to their arrests. Her relationship with Defendants is unknown.

3

cigarette package at that location, containing several individually-wrapped baggies of methamphetamine.[4] The total weight, including packaging, was approximately 30 grams.

The van was finally stopped using "stop sticks" near mile marker 47. The chase lasted approximately 25 miles. After the vehicle was stopped, Victor was identified as the driver and Corwin was identified as the passenger. Neither Defendant made any statements following their arrest.

According to the pretrial services report, Victor is 18 years old and has resided in Marshalltown, Iowa, for most of his life. He has never been married, has no children, and lives with his parents. Victor stopped attending school in the 11th grade. He told the pretrial services officer that he stopped attending school "because he had 'no control' over his elicit drug use." Victor reported that he is only able to read at the 5th grade level and his writing is at the 3rd grade level. He is unemployed, except for occasional work at his parents' clothing store.

Victor told the pretrial services officer that he has never consumed alcohol. He started using marijuana when he was 15 years old and smokes it "once or twice" a month. He began using methamphetamine when he was 17 years old. According to the pretrial services report, Victor reported that "there was a period of six months when he was using 'daily or every other day.'" At the time of hearing, however, Defendant's counsel proffered that Victor uses methamphetamine every week or two. Victor told the pretrial services officer that "he has never participated in drug treatment and he feels he can remain drug free on his own."

Victor prior convictions appear to be limited to driving offenses and simple misdemeanors. There is a charge pending in Marshall County, however, where Victor is charged with being in possession of 29 grams of marijuana. According to Defendant's

---

[4] Fingerprint testing on the cigarette wrapper and baggies was requested, but the results were not back by the time of hearing.

4

counsel, he has pleaded guilty to a serious misdemeanor possession charge and is awaiting sentencing.

## III. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with possessing with intent to distribute and aiding and abetting the distribution of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and 18 U.S.C. § 2, which are offenses found in § 3142(f)(1).

5

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

Turning to the facts in the instant action, Victor is charged with possessing with intent to distribute and aiding and abetting the distribution of methamphetamine. During a high-speed chase, officers observed Corwin throw a white powdery substance out the window. A second object thrown by Corwin was recovered and determined to be

methamphetamine. Apparently, however, no drugs were found on Victor and none were found in the car. Victor did not make any incriminating statements after being taken into custody. Defendant has long ties to the Marshalltown community, but is unemployed and uses drugs regularly. He has a limited prior criminal record, although there is a state drug case pending. Victor's attempt to flee at high speed demonstrates that he is a danger to the community.

If the Court finds there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. The return of an Indictment by a Grand Jury is sufficient to support a finding by the Court that there is probable cause to believe that the Defendant committed the offense identified in the Indictment. *United States v. Payne*, 660 F. Supp. 288, 291 (E.D. Mo. 1987). In a "presumption case," the defendant bears a limited burden of production--not a burden of persuasion--to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id.* *See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (October 15, 2009) to the filing of this Ruling (October 22, 2009) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F).

5. The Defendant is advised that he may appeal this detention Order by filing a motion for revocation or amendment of the Order with the District Court, pursuant to 18 U.S.C. § 3145(b).

DATED this 22nd day of October, 2009.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA